IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

   -vs-                                                  CRIMINAL No. 13-1542 LH

JOE CRUZ,

        Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)[1] (ECF No. 121), filed March 30, 2015, and the government's Motion Concerning Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Regarding Drug Quantity Table (ECF No. 124), filed August 20, 2015.  The Court, having reviewed the Motions, the record in this matter, and the applicable law, finds that the government's Motion is well taken and will be **granted** and that Defendant's Motion will be **dismissed for lack of jurisdiction**.

The United States contends that Defendant is ineligible for resentencing because he was sentenced to a specific, stipulated sentence of 48 months, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which did not explicitly consider the drug guidelines, and therefore,

---

1   The Court appointed counsel for Defendant on March 31, 2015.

Amendment 782 does not lower his sentencing range. When contacted, counsel for Defendant took no position on the government's Motion. Mot. Concerning Ineligibility ¶ 5.

The Court agrees. *See* Plea Agreement ¶ 10(a) (ECF No. 91) filed Mar. 26, 2014 ("[T]he appropriate sentence in this case is 48 months imprisonment. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur."); *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring) ("[I]f a [Rule 11(c)(1)](C) agreement *expressly* uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." (emphasis added)); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) ("Justice Sotomayor's concurrence is the narrowest grounds of decision and represents the Court's holding."). Furthermore, because Defendant's original sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court lacks jurisdiction to consider his Motion on the merits. *See Graham*, 704 F.3d at 1279 ("sentence was not based on a Guideline sentencing range but on the terms of his plea agreement . . . dismissal rather than denial is the appropriate disposition of [defendant's] § 3582 motion"); *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) (holding that sentence pursuant to Rule 11(e)(1)(C) plea agreement [now Rule 11(c)(1)(C)] was not "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'" and "district court should have dismissed [defendant's] motion without considering its merits").

2

**IT IS HEREBY ORDERED** that the government's Motion Concerning Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Regarding Drug Quantity Table (ECF No. 124), filed August 20, 2015, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) (ECF No. 121), filed March 30, 2015, is **DISMISSED FOR LACK OF JURISDICTION**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**